**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In Re:

ATLANTIC ACCEPTANCE CORP.,  Case No. 23-11339-MAM
  Chapter 11
   Debtor,  (Subchapter V)
_____/

**DEBTOR'S MOTION TO DISMISS CHAPTER 11**
**CASE PURSUANT TO 11 U.S.C. § 1112(b)(4)(A)(M)**

Debtor, Atlantic Acceptance Corp. ("AAC" or "Debtor") as a Debtor and Debtor-in-Possession, by and through its undersigned counsel, files in the above captioned and submits this *Motion to Dismiss case Pursuant to 11 U.S.C. § 1112(b)(A)(M)* ("Motion"), and in support thereof, states as follows:

1. On February 20, 2023, AAC filed a voluntary petition for relief under the U.S. Code Title 11, Chapter 11, Subchapter V, of the United States Bankruptcy Code [ECF No. 1].

2. The Debtor has reviewed financials documents, books and records. The Debtor has also been attempting to negotiate a sale of its business to settle with Agora. However, during this process, the Debtor is not able to fund or produce a confirmable Plan in order to survive the Plan confirmation process that will be supported by its creditors.

3. As of the Petition, AAC's books have not recorded a positive entry and its business operations have ceased, which shows that ACC no longer has the financial means to support a confirmable Chapter 11 (Subchapter V), Plan of Reorganization.

4. On Schedule B-11, of the bankruptcy schedules AAC lists three (3) non-debtor (assets) as account receivables that mainly belong to these secured creditors; (i) WALT, LLC, with claim of ($5,800,000); (ii) AGORATRADE, LLC with a claim of ($280,000); and (iii) Westlake Financial with claim of ($390,000) (collectively the "Secured Creditors"). These Secured

Creditors, already have a pending federal lawsuit and can seek to administer its interests outside or, to be administered without incurring any further financial obligations to the AAC Estate.

5. AAC is also defending three adversaries' which derive from the Debtor's bankruptcy Schedule B-11 (account receivables) and the ownership interests of secured creditors are as follows: (a) REBB-Elation Auto Sales, LLC, Case No. 23-01038-MAM; (b) One Stop Automotive Repairs. LLC, Case No. 23-01039-MAM; and (c) Walt Auto Loan Trust, AGORATRADE, LLC, AGORATRADE LLC as Trust Manager and Beneficiary of the Walter Auto Loan Trust, AGORA Data, Inc., and WALT, LLC, Case No. 23-01117-MAM. AAC does not have the financial means to reorganize. Thus, the Debtor requests a dismissal of this Chapter 11. In addition, Agora has filed an objection to Debtor's discharge (even through a corporate debtor does not get discharged).

6. Pursuant to AAC's filed Monthly Operating Reports for February, March and April, 2023 [ECF Nos. 53, 54 & 55] states the same bank balance $3,000, as on the Petition Date.

7. AAC's bar date was May 1, 2023, and as of today twenty-nine (29) proofs of claims have been filed with a total secured and unsecured claim amount of $46,400,249, as reflected on the court registry.

8. The defense of these adversaries has derailed AAC's financial future and inability to find a buyer and plans to continue its business operation as a reorganized. Therefore, Debtor AAC requests that this case be dismissed due the lack of funding of this non-income producing entity.

9. The dismissal of this Chapter 11, is the only options is to request for a dismissal, since AAC won't be able to file a confirmable Plan of Reorganization.

10.     AAC requests that this Chapter 11, be dismissed alleviate this costly litigation process that is on-going.

**WHEREFORE**, Debtor, Atlantic Acceptance Corp., respectfully request that this court enter an Order to dismiss the Chapter 11 case, and further relief as may be just and proper.

Respectfully submitted,

**LORIUM PLLC**
*Counsel for Debtor*
197 South Federal Highway, Suite 200
Boca Raton, FL 33432
Telephone: 561.361.1000
Facsimile: 561.672.7581
Email: jgrant@loriumlaw.com

By:   /s/ Joe M. Grant
       JOE M. GRANT
       Florida Bar No. 137758

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of June, 2023, I electronically filed this document with the Clerk of Court using CM/ECF. I also certify that the document is being served this day on all counsel of record or pro se parties via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

3

**SERVICE LIST**

**SERVED VIA CM/ECF NOTICE:**

Samuel J Capuano, Esquire; scapuano@bergersingerman.com; FSellers@bergersingerman.com; efile@bergersingerman.com; efile@ecf.inforuptcy.com
Carol Lynn Fox, Esquire; cfox@brileyfin.com, cclf11@trustesolutions.net
James Randolph Liebler, Esquire; jrlii@lgplaw.com, mkv@lgplaw.com
Martin P Ochs, Esquire; martin.p.ochs@usdoj.gov
Office of the US Trustee; USTPRegion21.MM.ECF@usdoj.gov
Hampton Peterson, Esquire; legalservices@PBCTax.com
Frank G Podesta, Esquire; fpodesta@fgplaw.com
Ira Scot Silverstein, Esquire; iss@lgplaw.com, lp@lgplaw.com
Mark E Steiner, Esquire; MES@lgplaw.com, pm@lgplaw.com
Keith L Bell, Jr; kbell@clarkpartington.com